# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-2337

———————

Columbian Bank & Trust Company;    *
MCK Partnership, LLC,    *
   *
       Appellees,    *
   *    Appeal from the United States
      v.    *    District Court for the
   *    Western District of Missouri.
Danieal Howard Miller;    *
Danieal Howard Miller, PC,    *      [UNPUBLISHED]
   *
       Appellants.    *

———————

Submitted: February 8, 2010
Filed: July 15, 2010

———————

Before RILEY, Chief Judge,[1] SMITH and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Columbian Bank and Trust Company ("Columbian Bank") obtained summary judgment against Danieal Miller, et. al ("Miller"). Shortly thereafter, the Kansas State Bank Commissioner closed Columbian Bank and named the Federal Deposit Insurance Corporation (FDIC) as receiver. MCK Partnership, LLC ("MCK") moved the district court to be named substitute party for the FDIC based upon the FDIC's

---

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

assignment. The district court[2] granted MCK's motion for substitution. On appeal, Miller argues that the district court erred and abused its discretion in sustaining MCK's motion to substitute. We affirm.

## I. *Background*

On June 9, 2008, the district court granted summary judgment to Columbian Bank, the original named plaintiff in this diversity case, against the original defendants Miller, a Missouri resident, and a Missouri professional corporation. The court awarded damages against Miller personally on July 2, 2008. On August 8, 2008, the Kansas office of the State Bank Commissioner closed Columbian Bank and the FDIC was named receiver. On March 17, 2009, Craig Porter, Managing Member of MCK, a Missouri limited liability company, signed a document labeled "Assignment" on behalf of the FDIC as receiver for the original plaintiff purporting to assign the FDIC's interest in the judgment against Miller to MCK.

In April 2009, MCK moved to substitute for Columbian Bank as party-plaintiff in the case, citing the above mentioned assignment as authority for its request. In response to the motion, Miller denied that such an assignment had been effected and requested that MCK be held to strict proof of all allegations of fact in its motion for substitution. The district court granted MCK's motion for substitution without an evidentiary hearing.

## II. *Discussion*

On appeal, Miller maintains that the district court abused its discretion in sustaining MCK's motion to substitute parties because no authenticated evidence established that the FDIC granted MCK a power of attorney. Miller contends that the validity of the assignment is determined by the existence or genuineness of the power

---

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

of attorney. Miller further argues that while Federal Rule of Evidence 901(a) only requires a prima facie showing that the power of attorney is what MCK claims (i.e. a power of attorney), MCK did not supply the district court with a copy of the power of attorney.

Miller further argues that Federal Rule of Civil Procedure 25(c) applies only to *pending* litigation. Miller maintains that because the present case had been closed for ten months before the attempted transfer, Rule 25(c) is therefore inapplicable.

Finally, Miller defends the failure to raise certain facts by claiming an expectation to raise such issues at the hearing required by Rule 25(a)(3).

"We review district court determinations regarding substitution for an abuse of discretion." *ELCA Enters, Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190–1 (8th Cir. 1995).

"Rule 25(c) permits substitutions when . . . an interest is transferred during a lawsuit." *Id.* The rule states "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3)." Fed. R. Civ. P. 25(c). "A motion to substitute, together with a notice of hearing, must be served on the parties . . . . Service may be made in any judicial district." Fed. R. Civ. P. 25(a)(3).

Rule 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

Miller's failure to raise the Rule 901(a) issue before the district court issued its order waived their ability to do so on appeal. While Rule 25(a)(3) does anticipate a

hearing, Miller cites no authority that establishes that the lack of such hearing excuses his procedural default.

Additionally, Rule 901(a) does not require Columbian Bank to produce the power of attorney. The rule simply requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). This evidence may take many forms, and Miller has not established, or even alleged, that Columbian Bank did not authenticate the power of attorney by other means.

Finally, while Miller cites cases purporting to establish that Rule 25(c) applies only to pending litigation, this interpretation is not mandatory. First, the rule on its face does not restrict its application to pending cases. Second, although precedent from this circuit establishes that the rule does apply to pending litigation, *see ELCA Enters, Inc.*, 53 F.3d at 191, there is no precedent that establishes that the rule applies *exclusively* to pending litigation.

### III. *Conclusion*

The judgment of the district court is affirmed.

_____